FILED

DEC 22 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JENNIFER NERMAN, | No. 08-35986 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-01720-HA |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM * |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Ancer L. Haggerty, District Judge, Presiding

Argued and Submitted December 10, 2009
Portland, Oregon

Before: FARRIS, D.W. NELSON and BERZON, Circuit Judges.

The parties do not dispute that Ms. Nerman suffers from Tempromandibular

Joint Syndrome, migraines, tinnitus, herniated cervical disks, and other conditions.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The two narrow questions presented for review are whether the Administrative Law Judge improperly discounted Ms. Nerman's testimony, and whether the ALJ improperly discounted the testimony of her friend, Lawrence Gilbert. The ALJ's determinations were supported by substantial evidence and free of legal error. We affirm.

After a review of all relevant medical information, the ALJ determined that based on Nerman's residual functional capacity, she could perform work that exists in significant numbers in the national economy. He concluded that Nerman was not disabled.

Ms. Nerman first argues that the ALJ's discrediting of her subjective symptom testimony was legal error. An ALJ may not reject a claimant's "statements about the intensity and persistence of [her] pain or other symptoms or about the effect [her] symptoms have on [her] ability to work solely because the available objective medical evidence does not substantiate [her] statements." 20 C.F.R. Section 404.1529(c)(2). An ALJ may, however, consider medical evidence as a relevant factor in determining a claimant's credibility, including medical evidence contradicting the claimant's testimony. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *see Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995).

The ALJ considered three different medical exams (from December 1999, December 2004, and February 2005) which seemed to contradict Ms. Nerman's subjective symptom testimony.  In addition, the ALJ properly considered a favorable response to physical therapy as undermining Nerman's reports regarding the disabling nature of pain.  *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008).  The ALJ's reasons for discounting Ms. Nerman's testimony were clear and convincing.

Nerman next argues that the ALJ improperly rejected the lay witness testimony of Lawrence Gilbert, her friend and co-resident.  The ALJ discredited Mr. Gilbert's testimony because it, too, conflicted with the medical record.  This was a specific, germane reason for rejecting Mr. Gilbert's testimony.  *Lewis v. Apfel*, 236 F.3d 503, 511-12 (9th Cir. 2001).

The ALJ's determination of Nerman's residual functional capacity was supported by substantial evidence and was not legal error.

AFFIRMED.

3